IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWNCEY BLAKE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SANTA CLARA DEPARTMENT OF CORRECTIONS; SANTA CLARA VALLEY MEDICAL CENTER CUSTODIAL MEDICAL DEPARTMENT,<br><br>　　　　Defendant. | No. C 14-2568 JSW (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

## INTRODUCTION

Plaintiff, an inmate at the Santa Clara County Jail filed this pro se civil rights complaint under 42 U.S.C. § 1983 claiming that he has not received proper care for pain in his lower back. He sues the Santa Clara County Department of Corrections and the Santa Clara Valley Medical Center, two entities of Santa Clara County. His application to proceed *in forma pauperis* is granted in a separate order. The complaint is dismissed with leave to amend.

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. 1915A(a). In its review the court must identify any cognizable claims, and

dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2).  Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.  Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## LEGAL CLAIMS

Plaintiff alleges that he suffered an injury in his lower back and that his requests for medical attention at the jail have gone unanswered.  The lack of treatment, according to Plaintiff, has caused "unbearable" pain in his lower back to continue.  Plaintiff does not name any individuals as Defendants, nor does he name any individuals in his allegations about his medical care.  Rather, he only names two entities of Santa Clara County as Defendants.

To impose liability under Section 1983 against a municipal entity such as Santa Clara County for a violation of constitutional rights, a plaintiff must show: (1) that the plaintiff possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation. *Plumeau v. School Dist. #40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997); *see Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978). Plaintiff does not allege any policy by Santa Clara County that allegedly led to him not receiving adequate medical care. Therefore, he has not stated a cognizable claim for relief against the entities of Santa Clara County that are named as Defendants. Plaintiff will be given leave to file an amended complaint in which he cures this deficiency, if he can do so in good faith.

## CONCLUSION

This case is DISMISSED WITH LEAVE TO AMEND.

Plaintiff shall file an amended complaint within **twenty eight (28) days from the date this order is filed**. Plaintiff is advised to use the Court's complaint form. The amended complaint **must** include the caption and civil case number used in this order (No. C 14-2568 JSW (PR)) and the words "COURT-ORDERED FIRST AMENDED COMPLAINT" on the first page. Because an amended complaint completely replaces the original complaint, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), Plaintiff may not incorporate material from the original by reference. <u>Failure to amend within the designated time and in accordance with this order will result in the dismissal of this action</u>.

IT IS SO ORDERED.

DATED: August 8, 2014

JEFFREY S. WHITE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SHAWNCEY BLAKE,

        Plaintiff,

  v.

SANTA CLARA DEPT OF CORRECTIONS et al,

        Defendant.

Case Number: CV14-02568 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 8, 2014, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Shawncey Blake DUJ722
Santa Clara Department of Corrections
Santa Clara Valley Medical Center
701 S. Abel St.
Milpitas, CA 95035

Dated: August 8, 2014

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk